**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RHELDA GILCHRIST,

    *Plaintiff,*

v.

VERIZON, ET AL.,

    *Defendants.*

Civil Action No. 15-3014

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    The present matter comes before the Court on Defendants Verizon New Jersey Inc., Lolita S. Jones, and Amy Serrano's (collectively "Defendants") motion to dismiss the complaint for failure to comply with Court Orders and failure to prosecute pursuant to Federal Rules of Civil Procedure 37 and 41(b). Plaintiff's counsel wrote a letter "not consenting [to] and not opposing" this motion.[1] This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions and grants Defendants' motion.

**I. BACKGROUND & PROCEDURAL HISTORY**

    Plaintiff Rhelda Gilchrist ("Plaintiff") initiated this action on March 12, 2015 in New Jersey Superior Court. D.E. 1. Plaintiff's complaint asserts various claims, including: violation of public policy, violations of "Federal and State of New Jersey Constitutional precepts,"

---

[1] Defendants' brief in support of its motion to dismiss the complaint will be referred to hereinafter as "Def. Br." (D.E. 26).

violations of the "Federal Civil Rights Act (Title VII)" and the "New Jersey Law Against Discrimination (LAD)." *Id.* Defendants subsequently removed the action to this Court. *Id.* On June 3, 2015, Defendants answered Plaintiff's complaint. D.E. 6. Defendants now move to dismiss for Plaintiff's failure to comply with Federal Rules of Civil Procedure 37 and 41.

Defendants allege that "Plaintiff has failed to fully comply with her discovery obligations." Def. Br. at 6. Specifically, Defendants contend that (1) Plaintiff refused to show up for her deposition on September 1, 2016; (2) Plaintiff failed to appear for a settlement conference on November 4, 2016, in violation of the Court's Order; (3) Plaintiff failed to appear on November 17, 2016, as ordered by the Court's November 4, 2016 Order to Show Cause; and (4) Plaintiff's counsel has confirmed that Plaintiff has not communicated with him during the foregoing dates.

Defendants allege that they issued a Notice of Deposition on August 8, 2016, scheduling Plaintiff's deposition for September 1, 2016. *See* Certification of John T. McDonald ("McDonald Cert.") ¶ 4. Plaintiff's counsel notified Defendants that Plaintiff was "going to be out of town on 9/1/2016 and demanded that her deposition be rescheduled." *Id.*, Ex. A. Additionally, Plaintiff's counsel informed Defendants' counsel that Plaintiff was not being cooperative and refused to attend the deposition. *Id.*

On August 30, 2016, the Court held a telephone status conference where the parties' counsel informed the Court of these issues. McDonald Cert. ¶ 6. Both parties' counsel agreed to participate in a settlement conference. *Id.* Magistrate Judge Waldor ordered an in-person settlement conference to be held on October 27, 2016, which was subsequently rescheduled to November 4, 2016. D.E. 20, 22. Plaintiff failed to appear for this conference, despite numerous letters and telephone calls from Plaintiff's counsel informing Plaintiff of the conference. D.E. 23 (noting Plaintiff's failure to appear for her deposition or for the Court-ordered conference). At

this time, Plaintiff's counsel indicated the difficulties he had in reaching Plaintiff, and Plaintiff's refusal to cooperate with him or listen to his advice. Def. Br. at 3.

Judge Waldor then issued an Order to Show Cause, requiring Plaintiff to appear on November 17, 2016, to explain why this suit should not be dismissed for failure to prosecute. D.E. 23. Plaintiff's counsel contacted Plaintiff, advising her that she has "not prosecuted [her] case," and informing her of Judge's Waldor's Order to Show Cause. D.E. 24. This letter was sent to Plaintiff via certified mail. *Id.* Again, Plaintiff did not appear in response to Judge Waldor's Order to Show Cause, or to Plaintiff's counsel's letter. D.E. 25. Thus, the Court granted Defendants leave to move to dismiss for failure to prosecute. *Id.*

On November 21, 2016, Defendants' moved to dismiss for failure to prosecute and comply with the Court's Orders. Plaintiff's counsel filed a letter on the docket, which indicated that he "ha[s] not been in contact with [his] client for several months." D.E. 28. Thus, Plaintiff's counsel stated that he wanted the record to reflect that "[he is] not consenting [to] and not opposing [Defendants' motion]." *Id.*

## II. ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders, or prosecute a case. *See* Fed. R. Civ. P. 37(b)(2), 41(b).[2] In

---

[2] Federal Rule 37 provides in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> . . .
>
> **(v)** dismissing the action or proceeding in whole or in part.

such instances, dismissal may be an appropriate penalty. *Id.* Generally, in determining whether to impose an involuntary dismissal, a court considers the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F. 2d 1369, 1373 (3d Cir. 1992). An analysis of the *Poulis* factors shows that dismissal is appropriate here.

1. Plaintiff's Personal Responsibility

The Court finds that Plaintiff is personally responsible for her failure to comply with Court Orders and discovery obligations. Plaintiff's counsel has made numerous attempts to reach Plaintiff, and sent each of the Court's Orders to Plaintiff via certified mail. D.E. 24, 27, 28. Therefore, it is Plaintiff, and not her counsel, who is responsible for her failure to prosecute this matter and comply with the Court's Orders.

2. Prejudice to Defendants

"Under the second *Poulis* factor, the Court examines the prejudice to other parties caused by the delay, including considering whether the party's conduct has resulted in extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party." *Chiarulli v. Taylor*, No. 08-4400, 2010 WL 1371944, at *3 (D.N.J. Mar. 31,

---

Fed. R. Civ. P. 37(b)(2)(A)(v). Federal Rule 41 provides for involuntary dismissal when "[a] plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In such cases, "a defendant may move to dismiss the action or any claim against it." *Id.*

4

2010) (internal quotation marks omitted). Moreover, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

Defendants have been prejudiced by Plaintiff's failure to appear for her deposition and otherwise participate in the discovery process. Defendants have been unable to effectively defend the case and resolve it in a timely manner. *See Chiarulli*, 2010 WL 1371944, at *3 ("Defendants are prejudiced by Plaintiff's failure to appear at any of the Scheduling Conferences or otherwise pursue this case beyond the pleadings stage because they are unable to defend the case and resolve it in a timely manner."). Therefore, this factor favors dismissal.

3. History of Dilatoriness

The third factor also favors Defendants. "Failure to appear for court conferences and depositions [] creates a history of dilatoriness." *Naik v. Boston Consulting Grp.*, No. 14-03097, 2017 WL 424902, at *5 (D.N.J. Jan. 12, 2017); s*ee also Hoffman v. Palace Entm't*, 621 Fed. Appx. 112, 115 (3d Cir. 2015) (affirming a finding of history of dilatoriness where plaintiff "turned over little to no discovery . . . failed to appear for her deposition, and failed to be present telephonically for a pretrial hearing" and "offered often-inconsistent excuses for her behavior").

As noted, Plaintiff has not appeared for Court-ordered conferences and refused to attend her deposition. Indeed, Plaintiff has failed to communicate with, or respond to, her own counsel. Thus, Plaintiff's conduct constitutes a "history of dilatoriness" for which she has failed to provide an excuse.

4. Willfulness or Bad Faith

If, in determining the fourth *Poulis* factor, "the record is unclear as to whether a party acted in bad faith," then "a consistent failure to obey orders of the court, 'at the very least, renders [a

party's] actions willful for the purposes of [this] factor.'" *Hunt–Ruble v. Lord, Worrell & Richter, Inc.*, No. 10-4520, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) (quoting *Martino v. Solaris Health Sys. Corp.*, No. 04–6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)).

Here, Plaintiff consistently failed to comply with Court Orders. Plaintiff refused to be deposed and did not appear at Court-ordered conferences on November 4, 2016 and on November 17, 2016. Furthermore, Plaintiff has not provided any explanation, much less a credible one, for her failure to comply. Thus, the Court finds Plaintiff's non-compliance to be willful and intentional. *See Hayes v. Nestor*, No. 09-6092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013) (finding plaintiff's failure to comply with court orders, coupled with a lack of justification to constitute "willful and intentional [non-compliance]"). Factor four, therefore, favors dismissal.

5. Effectiveness of Alternative Sanctions

"The Third Circuit has identified a number of alternative sanctions available to a court, including 'a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees . . . [or] the preclusion of claims or defenses.'" *Smith ex rel El Ali v. Altegra Credit Co.*, No. 02-8221, 2004 WL 2399773, at *7 (E.D. Pa. Sept. 22, 2004) (quoting *Titus v. Mercedes–Benz of N. Am.*, 695 F.2d 746, 759 n.6 (3d Cir. 1982)). However, whereas here, Plaintiff herself has repeatedly ignored the Court's warnings and continues to not appear, alternative sanctions are considered ineffective. *See id.*

Since Plaintiff has not replied to her counsel or this Court's attempt to contact her, the Court does not find that alternative sanctions would be effective. Therefore, this factor weighs in favor of dismissal.

6. Meritoriousness of the Claims

Under factor six, Defendants argue that Plaintiff's abandonment of her claims "speak volumes regarding their lack of merit." Def. Br. at 7. Additionally, Defendants state that "this Court need not even consider the issue of meritoriousness because the satisfaction of all six *Poulis* factors is not required when dismissing a case for failure to prosecute under Rule 41 or failing to meet discovery obligations under Rule 37." *Id.* at 7-8.

The Court finds that it is too early to evaluate the merit of Plaintiff's claims. However, as Defendants note, the Court need not find that all six *Poulis* factors are present in order to grant dismissal. *See Solomon v. Atl. City Hilton Casino & Resort*, No. 10-5701, 2013 WL 3070884, at *6 (D.N.J. Apr. 8, 2013). Thus, the Court finds factor six to be neutral in its analysis but this finding does not change the Court's ultimate conclusion.

The Court grants Defendants' motion and dismisses Plaintiff's complaint with prejudice. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (stating that federal courts have authority to dismiss a plaintiff's action for failure to prosecute *with prejudice*) (emphasis added).

### III. CONCLUSION

In sum, the Court **GRANTS** Defendants' motion. Plaintiff's complaint is dismissed with prejudice. An appropriate Order accompanies this Opinion.

**Date:** April 5, 2017

JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE